Vanessa COLEMAN, Plaintiff,

v.

**DISTRICT OF COLUMBIA,**
**et al., Defendants.**

**Civil Action No. 09–0050 RCL/DAR.**

United States District Court,
District of Columbia.

July 14, 2011.

Richard E. Condit, Government Accountability Project, Washington, DC, for Plaintiff.

Juliane T. Demarco, Nicholas Coates, Office of the Attorney General, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

DEBORAH A. ROBINSON, United States Magistrate Judge.

This action was referred to the undersigned United States Magistrate Judge for the resolution of the parties' discovery disputes. *See* Referrals to Magistrate Judge (Document Nos. 66, 70). Defendant District of Columbia's Motion to Quash, in Part, Plaintiff's Subpoena Issued to the Police and Fire Clinic (Document No. 60), and Category B of non-party PFC Associates, LLC's Motion for Protective Order (Document No. 69), are pending for determination by the undersigned. Upon a thorough review of the written submissions of Defendant District of Columbia, non-party PFC Associates, LLC ("PFC") and Plaintiff, the oral arguments of their respective counsel and the entire record herein, PFC's motion will be denied in part and granted in all other respects, and Defendant District of Columbia's motion will be denied as moot.

### BACKGROUND

Plaintiff, Vanessa Coleman, was a career firefighter formerly employed by the District of Columbia Fire and Emergency Medical Services Department (FEMS). Second Amended Complaint (Document No. 40) ¶ 6. Defendants are the District of Columbia and

Brian Lee, a FEMS Assistant Chief who is sued in his individual capacity.[1] Plaintiff alleges "District Claims for Relief[,]" as well as "Federal Claims" pursuant to 42 U.S.C. § 1983. *Id.* ¶¶ 68–92. Her "District Claims" are twofold: (1) the alleged violation of the D.C. Whistleblower Act, D.C.Code § 1–615.51, *et seq.* ("First Claim for Relief"), and (2) negligent hiring, training and supervision ("Second Claim for Relief"). By an order filed on May 13, 2010, the court (Kennedy, J.) ordered, *inter alia,* that discovery be stayed "only on the Plaintiff's constitutional claims filed pursuant to 42 U.S.C. § 1983." Scheduling Order (Document No. 44) at 2.

On February 17, 2011, Plaintiff served a subpoena on non-party Police and Fire Clinic, by which she requested the production of 17 categories of documents, information, or objects generally related to fitness-for-duty examinations. Memorandum of Points and Authorities in Support of Defendant's Motion to Quash, in Part, Plaintiff's Subpoena Issued to the Police and Fire Clinic ("Defendant's Memorandum") (Document No. 60–1), Exhibit A at 5–6. Some of the requests concerned information with respect to Plaintiff;[2] others concerned information with respect to FEMS employees other than Plaintiff.[3]

Defendant District of Columbia moved to quash the subpoena pursuant to Rule 45(b) of the Federal Rules of Civil Procedure with respect to Request Nos. 4, 5, 14 and 15. Defendant's Memorandum at 3–4. As grounds, Defendant maintained that (1) the information sought by Plaintiff is irrelevant to her District of Columbia claims; constitutes "an unwarranted invasion of privacy of District employees who are not [parties] to this case," and is violative of the Health Insurance Portability and Accountability Act; and (2) the subpoena "is contrary to this Court's Order [staying] discovery concerning [P]laintiff's Section 1983 claims." *Id.* at 4.

Thereafter, non-party PFC Associates, LLC moved for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure with respect to 11 of the 17 requests. PFC Associates, LLC's Memorandum of Points and Authorities in Support of Motion for Protective Order ("PFC's Memorandum") (Document No. 69) at 2–8. With regard to Request Nos. 4, 5, 14, 15, 16 and 17—which PFC designated "Category B"—PFC submits that a protective order is warranted because such requests are overly broad; that production would be unduly burdensome, and, in any event, that the documents are not relevant. *Id.* at 3–6.

Plaintiff filed oppositions to both motions, and maintained that neither Defendant nor PFC had carried its burden to demonstrate that entry of a protective order is warranted. With respect to relevance, Plaintiff, in her opposition to Defendant's motion, maintained that "[a]ll four classes of requested documents are reasonably calculated to lead to admissible evidence *that the District of Columbia refers employees for psychological evaluation in inappropriate circumstances, evidenced by objections by personnel at the Police and Fire Clinic who are bound by standards of medical ethics to not perform medical evaluations on persons without freely-given consent.*" Plaintiff's Memorandum of Points and Authorities in Opposition to the District of Columbia's Motion to Quash, in Part, Plaintiff's Subpoena Issued to the Police and Fire Clinic (Document No. 61) at 9 (emphasis supplied). In her opposition to PFC's motion, Plaintiff, with respect to the relevance of the Category B requests, maintains that the requests "are calculated to lead to the discovery of evidence tending to show whether the reasons given by Defendant's for and circumstances under which Plaintiff was referred for her fitness-for-duty evalua-

---

**1.** By an order filed on March 22, 2011, the court (Kennedy, J.) dismissed the claims against the current FEMS Chief, in his official capacity, and denied as moot the former Chief's motion for judgment on the pleadings. *See* Order (Document No. 62) at 2.

**2.** *See, e.g.,* Request No. 17 ("To the extent not covered by a previous request, all documents, communications, and electronically stored infor-

mation relating to [Plaintiff] or her attorneys, agents, or representatives.").

**3.** *See, e.g.,* Request No. 4 ("All documents, communications, or electronically stored information relating to objections raised by any employee or contractor of PFC or PFC Associates to the performance of any fitness for duty evaluation, or component thereof, of any FEMS employee.").

tions, and the consequences of her efforts to modify the waiver form upon appearing for her evaluations, were similar to those of other FEMS and District employees, *or whether Plaintiff was treated disparately as a result of retaliatory animus.*" Plaintiff's Opposition to PFC Associates, LLC's Motion for Protective Order (Document No. 71) at 5 (emphasis supplied).

At a hearing on June 9, 2011, Plaintiff and non-party PFC Associates, LLC, reached an agreement with respect to the requests designated by PFC as Categories A, C, D, and E of PFC's motion, and indicated that the dispute between Plaintiff and PFC therefore was limited to the Category B requests. Accordingly, the only issue which remains is whether or not a protective order with respect to the six Category B requests—four of which are also the subject of Defendant's motion—is warranted.

## DISCUSSION

The undersigned has had occasion to write extensively regarding the provisions governing Rule 45 subpoenas. *Hesco Bastion Ltd. v. Greenberg Traurig, LLP,* Misc. No. 09–0357, 2009 WL 5216932 (D.D.C. December 23, 2009); *see also Doe v. Verizon Online,* Misc. Action No. 10–00171, 2010 WL 2035332 (D.D.C. May 21, 2010); *Worldwide Film Entertainment, LLC v. Does 1–749,* Civil Action No. 10–0038, 2010 WL 2011306 (D.D.C. May 20, 2010); *Worldwide Film Entertainment, LLC v. Does 1–749,* Civil Action No. 10–0038, 2010 WL 1994891 (D.D.C. May 19, 2010); *Worldwide Film Entertainment, LLC v. Does 1–749,* Civil Action No. 10–0038, 2010 WL 1961962 (D.D.C. May 17, 2010); *Worldwide Film Entertainment, LLC v. Does 1–749,* Civil Action No. 10–0038, 2010 WL 1946926 (D.D.C. May 13, 2010).

Rule 45 of the Federal Rules of Civil Procedure provides the framework for securing documents, electronically stored information, testimony and tangible things by subpoena. FED.R.CIV.P. 45(a),(b). The rule further provides, in pertinent part, that a subpoena may be quashed or modified "to avoid imposing undue burden or expense on a person subject to the subpoena." FED.R.CIV.P. 45(c)(1); *see also* FED.R.CIV.P. 45(c)(3).

■ No requirement of relevance is included in the text of Rule 45; however, it is settled that a subpoena is limited in scope by Rule 26(b)(1) of the Federal Rules of Civil Procedure. *See* Advisory Committee Note to 1946 Amendments to rule 26 ("The [amended language] gives the subpoena for documents or tangible things the same scope as provided in rule 26(b)[.]"; *cf. In re Motion to Compel Compliance with Subpoena Direct[ed] to Department of Veterans Affairs,* 257 F.R.D. 12, 18 (D.D.C.2009) ("*Watts* ... teaches that in assessing whether a burden is undue under Rule 45, the court should look to the standards articulated in Rule 26(b)(2) of the Federal Rules of Civil Procedure.") (citing *Watts v. S.E.C.,* 482 F.3d 501, 507) (D.C.Cir.2007)). Rule 26 generally limits the scope of discovery to

> any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

FED.R.CIV.P. 26(b)(1) (emphasis supplied).

■ "The term relevance at the discovery stage is broadly construed to include information which is not admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Convertino v. United States Department of Justice,* 565 F.Supp.2d 10, 12 (D.D.C. 2008) (citation omitted). This court has determined that "[a] showing of relevance can be viewed as a showing of need; for the purpose of prosecuting or defending a specific pending civil action, one is presumed to have no need of a matter not 'relevant to the subject matter involved in the pending action.'" *Meijer, Inc. v. Warner Chilcott Holdings Co., III, Ltd.,* 245 F.R.D. 26, 29–30 (D.D.C.2007) (citation omitted).

■ This court has observed that "[i]n accordance with these considerations, courts

generally employ a balancing test, weighing the burdensomeness to the [party on which the subpoena was served] against the [need of the party which served the subpoena] for, and the relevance of, the information being sought." *Flanagan v. Wyndham International Inc.*, 231 F.R.D. 98, 102–03 (D.D.C. 2005) (citations omitted).

The undersigned finds that Request No. 17, the sixth of the Category B requests, by which Plaintiff seeks documents, communications and electronically stored information relating to herself, is indeed relevant, and PFC's motion will be denied as to that request. However, the undersigned finds that non-party PFC has demonstrated that the first five of the six so-called "Category B" requests—4, 5, 14, 15 and 16—are overly broad and irrelevant to Plaintiff's District of Columbia claims.[4]

In her opposition to PFC's motion, Plaintiff submits that the Category B requests (including 4, 5, 14, 15 and 16) "are calculated to lead to the discovery of evidence tending to show whether the reasons given by Defendants for and circumstances under which Plaintiff was referred for her fitness-for-duty evaluations, and the consequences of her efforts to modify the waiver form upon appearing for her evaluations, were similar to those of other FEMS and District employees, or whether Plaintiff was treated disparately as a result of retaliatory animus." Plaintiff's Opposition to PFC Associates, LLC's Motion for Protective Order (Document No. 72) at 5. However, the undersigned finds that Plaintiff's argument fails for at least one compelling reason: Plaintiff does not allege disparate treatment with respect to her District of Columbia claims.

The undersigned finds that the issue of whether or not the "circumstances" under which she was referred for fitness-for-duty evaluations were "similar" to those under which other employees were referred are not relevant to her District of Columbia claims. *See* Second Amended Complaint ¶ 70 (characterizing the orders to submit to a fitness-for-duty assessment and psychological evaluation as "prohibited personnel actions[.]").[5] While relevance is to be broadly construed for purposes of discovery, this court has recently affirmed the proposition that "the relevance standard is 'not so liberal as to allow a party to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.'" *St. John v. Napolitano*, Civil Action No. 10–00216, 2011 WL 1193009, at *3 (D.D.C. March 31, 2011) (citation omitted). Inasmuch as "a showing of relevance can be viewed as a showing of need[,]" Plaintiff "is presumed to have no need of a matter not 'relevant to the subject matter involved in the pending action.'" *Hesco Bastion Ltd.*, 2009 WL 5216932, at *4 (citations and internal quotations omitted).

Additionally, the undersigned finds that an evaluation of the elements of a cause of action under the D.C. Whistleblower Protection Act, D.C.Code § 1–615.51, *et seq.*, is instinctive. That statute "makes it unlawful for a supervisor to take, or threaten to take, 'a prohibited personnel action of otherwise retaliate against an employee because of the employee's protected disclosure.'" *Baumann v. District of Columbia*, 744 F.Supp.2d 216, 225 (D.D.C.2010) (citing D.C.Code § 1–615.53 (2001)). Plaintiff offers no authority for the proposition that evidence with respect to the vast array of circumstances in which other police and fire department employees were required to undergo fitness-for-duty examinations could conceivably be relevant to the issue of whether she was subjected to a

---

4. As the undersigned has already noted, discovery may now proceed only with respect to Plaintiff's District of Columbia claims, since discovery is stayed with respect to "Plaintiff's constitutional claims pursuant to 42 U.S.C. § 1983." Order (Document No. 44) at 2.

5. By contrast, it is only with respect to Plaintiff's federal claims that she advances an allegation as to which evidence regarding the circumstances under which other employees were referred for fitness-for-duty evaluations could conceivably be relevant. *See, e.g.,* Second Amended Complaint ¶ 83 (requirement that Plaintiff undergo a fitness-for-duty evaluation "[was] motivated by Defendants' desire to retaliate against [her][.]"). However, discovery with respect to Plaintiff's federal claims is stayed. *See* n. 4, *supra.*

38

prohibited personnel action, or to retaliation, by reason of her protected disclosure.[6]

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that (1) Category B of non-party PFC Associates, LLC's Motion for Protective Order (Document No. 69) is **GRANTED** with respect to Category B Request Nos. 4, 5, 14 and 15; (2) non-party PFC Associates, LLC's Motion for Protective Order is **DENIED** with respect to Category B Request No. 17, and, no later than July 28, 2011, PFC shall produce to Plaintiff "all documents, communications, and electronically stored information relating to Vanessa Coleman or her attorneys, agents, or representatives"; and (3) Defendant District of Columbia's Motion to Quash, in Part, Plaintiff's Subpoena Issued to the Police and Fire Clinic (Document No. 60) is **DENIED AS MOOT.**[7]

---

6.  *See* n. 5, supra.

7.  Accordingly, the undersigned has no occasion to evaluate herein the additional ground upon which PFC moves to quash the subpoena, or the